959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Desiderio FLORES-RAMO, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70639.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 3, 1992.*
Decided April 3, 1992.
 
 Before GOODWIN, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Desiderio Flores-Ramos appeals a Board of Immigration Appeals (BIA) ruling affirming the immigration judge's denial of his application for discretionary relief from deportation under section 8 U.S.C. § 1182(c). We affirm.
 
 
 3
 Flores-Ramos is a 38 year old Mexican citizen who has been a lawful permanent resident of this country for over 20 years. Flores-Ramos' father, his two children, and seven out of his nine brothers and sisters are United States citizens. Flores-Ramos has been separated from his wife since 1985 and he does not live with his children. Until 1985, Flores-Ramos enjoyed steady employment in the fields and as a wood cutter.
 
 
 4
 In December, 1986, Flores-Ramos was convicted of possessing cocaine and was sentenced to 120 days in jail and four years probation. After his release, the Immigration and Naturalization Service (INS) initiated proceedings to deport Flores-Ramos. At the initial hearing, Flores-Ramos conceded deportability under 8 U.S.C. § 1251(a)(11), but requested a waiver of deportation under § 1182(c). Three months later, the immigration judge heard and denied Flores-Ramos' request for § 1182(c) relief. The BIA affirmed.
 
 
 5
 On appeal, Flores-Ramos contends that the BIA erred in denying his request for § 1182(c) relief. Section 1182(c) relief is granted only where an alien demonstrates statutory eligibility for the relief and where equitable circumstances exist that are sufficient to warrant a waiver of deportability. Matter of Buscemi, I. & N.Dec. 3058 (1988). Because Flores-Ramos meets the statutory requirements, the only issue the BIA considered was whether equity required waiver.
 
 
 6
 The BIA has set out factors which it will consider in making its equitable determination. Matter of Marin, 16 I. & N.Dec. 581, 584-85 (1978). Factors weighing against waiver include: (1) the nature and underlying circumstance of the ground of deportation; (2) the presence of other violations of the nation's immigration laws; (3) the existence of a criminal record; (4) and the presence of other evidence indicative of the applicant's bad character or undesirability as a legal permanent resident of the United States. Factors weighing in favor of waiver include: (1) the presence of family ties within the United States; (2) residence of long duration in this country; (3) hardship to the alien and family if deported; (4) history of employment; (5) property or business ties; (6) community service; and (7) when there is a criminal record, genuine rehabilitation. Id.
 
 
 7
 Because Flores-Ramos was convicted of a serious offense, cocaine possession, he was required to demonstrate "outstanding" equities before § 1182(c) relief could be granted. While Flores-Ramos concedes that this was the correct legal standard, he argues that the BIA erred in finding that the equities his case were merely "substantial," but not "outstanding."
 
 
 8
 In conducting its review under § 1182(c), the BIA noted that waiver of deportability was supported by the presence of Flores-Ramos' immediate family in the United States, his residence of long duration in the country, the hardship to be suffered upon his deportation, his positive pre-arrest history of employment, and the fact that he was undergoing drug-rehabilitation. However, the BIA also noted that Flores-Ramos had been unemployed for the most part since his arrest and had been unable to financially support his children since then, and that Flores-Ramos had enrolled in the drug-rehabilitation clinic only one month before his final hearing before the immigration judge. Before the immigration judge, Flores-Ramos admitted that he had a drug problem, that in violation of his parole he had used cocaine on at least occasions since his arrest, and that the last occasion of this use was after his initial deportation hearing and little more than one month before his final hearing. The BIA found Flores-Ramos' assertion of rehabilitation to be unpersuasive.
 
 
 9
 Although the BIA found that the equities in Flores-Ramos' case were "substantial," they were insufficient to ground relief under § 1182. We find no abuse of discretion. Ayala-Chavez v. I.N.S., No. 90-70657, slip. op. (9th Cir., Sept. 19, 1991).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3